UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

AETNA LIFE INSURANCE
COMPANY,
                             Plaintiff,

                 -v-

EMILY ROSEN and PHYLLIS FRANK,
                             Defendants.

19-CV-6259 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

Weeks before his death, Erich Frank switched the beneficiary of his life-insurance policy from his mother to his longtime partner. Both mother and partner claimed the proceeds, disputing the mental capacity of the deceased at the time of the switch. As a result, the insurance company filed this interpleader action, seeking a determination of the rightful owner of the proceeds. One of the claimants has moved to dismiss, arguing that the issue both has been and will be determined in a parallel state-court probate proceeding. For the reasons that follow, the motion is denied.

**I.    Background**

The following facts are taken from the Complaint (Dkt. No. 1 ("Compl.")), and are assumed true for purposes of this motion to dismiss.

Erich Frank, now deceased, was an employee of UBS Financial Services, Inc. (Compl. ¶ 2.) As a benefit of his employment, Erich Frank held a life insurance policy with Plaintiff Aetna Life Insurance Company in the amount of $150,000. (Compl. ¶ 2.) Initially, Erich Frank identified his mother, Defendant Phyllis Frank, as sole beneficiary. (Compl. ¶ 4.) On December 20, 2018, however, he changed the designation on his policy to name Defendant Emily Rosen, his partner, as sole beneficiary. (Compl. ¶ 5.) Less than a month later, he died. (Compl. ¶ 6.)

After his death, Aetna received competing claims from both Defendants for the proceeds from the policy.  (Compl. ¶¶ 7–12.)  Phyllis Frank, the mother, contested the validity of the change in beneficiary designation, arguing that the deceased was not of sound mind on December 20, 2018, the date on which he switched beneficiaries.  (Compl. ¶ 10.)  In response, Aetna filed this interpleader action, seeking a determination from this Court of the proper beneficiary of the policy.

Rosen has filed a motion to dismiss.  (Dkt. No. 8.)  In that motion, and in exhibits attached thereto, Rosen alleges that the estate of the deceased has entered probate.  (Dkt. No. 8-8 at 2.)  Rosen argues that by admitting the estate to probate, the probate court determined that the deceased was of sound mind at the time he executed his will on December 21, 2018.  (Dkt. No. 8-8 at 2–3; *see also* Dkt. No. 8-3 at 1.)  Accordingly, Rosen argues both that this action is barred by the doctrine of issue preclusion and that the Court should dismiss this action under principles of abstention.  Defendant Phyllis Frank opposes the motion.

## II.     Legal Standard

To withstand a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible if the well-pleaded factual allegations of the complaint, presumed true, permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

**III.    Discussion**

Rosen argues that this action should be dismissed both because it is res judicata under the doctrine of issue preclusion and because this Court should abstain in favor of the state-court proceeding.  Each argument is taken in turn.[1]

    **A.    Issue Preclusion**

Under New York law,[2] the doctrine of issue preclusion, also known as collateral estoppel,[3] "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity."

---

[1] This Court has statutory interpleader jurisdiction under 28 U.S.C. § 1335.  As required by § 1335, the parties are minimally diverse (*see* Compl. ¶¶ 5–7), and the amount in controversy exceeds $500 (*see* Compl. ¶ 2.).

[2] "For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits."  *Taylor v. Sturgell*, 553 U.S. 880, 891 n.4 (2008).  Here, that state is New York.

[3] Issue preclusion "may be decided on a motion to dismiss."  *Peralta v. St. Lukes Roosevelt Hosp.*, No. 14-CV-2609, 2015 WL 3947641, at *4 (S.D.N.Y. June 26, 2015).  In doing so, "a district court may rely on matters of public record . . . including case law."  *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 75 (2d Cir. 1998).

    Frank, however, argues that Rosen "has not raised issue preclusion as a ground[] to support her motion."  (Dkt. No. 13 at 9.)  Instead, Frank argues, Rosen relies solely on claim preclusion.  But Rosen's motion to dismiss indicates the opposite.  (*See, e.g.*, Dkt. No. 8-8 at 3 (arguing that "res judicata" principles "bar[] the relitigation of the same *issues*" (emphasis added)).)  Thus, the Court construes Rosen's motion to dismiss to raise the defense of issue preclusion, not claim preclusion.

    Nor could claim preclusion apply.  Under New York law, claim preclusion requires that "the initial forum [possess] the power to award the full measure of relief sought in the later litigation," unencumbered by "formal jurisdictional or statutory barriers."  *Burgo v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (quoting *Davidson v. Capuano*, 792 F.2d 275, 278 (2d Cir. 1986)).  Here, Frank points out — and Rosen does not contest — that the allocation of the proceeds from this insurance policy could not have been adjudicated in probate.  *See In re Estate of Deans*, 889 N.Y.S.2d 668, 669 (App. Div. 2d Dep't 2009) (observing that in New York, the jurisdiction of the probate court "does not extend to 'independent matters involving controversies between living persons'" (quoting *In re Estate of Lainez*, 435 N.Y.S.2d 798, 800 (App. Div. 2d Dep't 1981))).  Accordingly, claim preclusion lacks any application.

3

*Burgos v. Hopkins*, 14 F.3d 787, 792 (2d Cir. 1994) (quoting *Ryan v. N.Y. Tel. Co.*, 467 N,E,2d 487 (N.Y. 1984)).  For issue preclusion to apply, the "*identical* issue necessarily must have been decided in the prior action."  *Tobias v. First City Nat'l Bank & Tr. Co.*, 709 F. Supp. 1266, 1269 (S.D.N.Y. 1989) (emphasis added).

      Here, then, issue preclusion cannot apply because the probate court cannot be said to have decided an "identical" issue.  Rosen asserts that the probate court "made the determination that Erich Frank was competent [on December 21, 2018,] the day after he named Defendant Rosen, his life partner, to receive his life insurance" and the day that he executed his will.  (Dkt. No. 8-8 at 4.)  But the issue in this action is whether Erich Frank was competent on December 20, 2018, the day when he named Rosen the beneficiary of his life-insurance policy.  That is a different issue.  *See* 18 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4417 (3d ed. 2020) ("[C]lear factual distinctions . . . easily defeat preclusion . . . .").  Accordingly, the motion to dismiss is denied on the ground of res judicata.

      **B.**    **Abstention**

      Rosen separately argues for dismissal on the ground that the issue of the competence of the deceased is "inextricably linked" to issues before the probate court.  (*See* Dkt. No. 14 at 2–3.)  Such an argument sounds in abstention.  *See Phillips v. Citibank, N.A.*, 252 F. Supp. 3d 289, 298 (S.D.N.Y. 2017).

      This argument, however, runs aground on the same shoals.  For abstention to apply, there must be "parallel" lawsuits in state and federal court, meaning that "substantially the same parties are contemporaneously litigating substantially the same issue."  *Id.* (quoting *Dittmer v. Cty. of Suffolk*, 146 F.3d 113, 118 (2d Cir. 1998).  Although "[p]erfect symmetry of parties and issues is not required," there must be "a substantial likelihood that the state litigation will dispose of all claims presented in the federal case."  *Id.* (quoting *Abe v. N.Y. Univ.*, No. 14-CV-9323,

2016 WL 1275661, at *6 (S.D.N.Y. 2016) (Sullivan, J.).  And here, a finding that Rosen was competent on the day he executed his will does not "necessarily require" a finding that he was competent on the day he changed the beneficiary of his policy.  *Abe*, 2016 WL 1275661, at *6.  Accordingly, there is no risk of "inconsistent dispositions" — at least not any risk sufficient to displace this Court's "virtually unflagging obligation . . . to exercise [its] jurisdiction."  *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  The motion to dismiss on the ground of abstention is denied.

**IV.    Conclusion**

For the foregoing reasons, Defendant Rosen's motion to dismiss is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 8.

SO ORDERED.

Dated: July 14, 2020
       New York, New York

_____
J. PAUL OETKEN
United States District Judge